**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff/Counterclaim-Defendant, | : | |
| | : | |
| v. | : | C. A. No. 08-488-MPT |
| | : | |
| LAWRENCE RUCKER 2007 INSURANCE TRUST, | : | |
| | : | |
| Defendant/Counterclaim-Plaintiff. | : | |

## <u>MEMORANDUM OPINION</u>

David P. Primack, Esq., Drinker Biddle & Reath LLP, Wilmington, DE.
*Of Counsel:* Jason P. Gosselin, Esq., Katherine L. Villanueva, Esq., and Amy M. Apollo, Esq., Drinker Biddle & Reath LLP, Philadelphia, PA.
Attorneys for Plaintiff/Counterclaim-Defendant Principal Life Insurance Company.

John E. James, Esq., and David E. Moore, Esq., Potter Anderson & Corroon LLP, Wilmington, DE.
*Of Counsel:* John E. Failla, Esq., Elise A. Yablonski, Esq., and Nathan Lander, Esq., Poskauer Rose LLP, New York, NY.
Attorneys for Defendant/Counterclaim-Plaintiff Lawrence Rucker 2007 Insurance Trust.

Wilmington, DE
December 11, 2009

Thynge, U.S. Magistrate Judge

## I. INTRODUCTION

In this declaratory judgment action brought by Principal Life Insurance Company ("Principal Life") to determine the parties' rights and obligations under a life insurance policy, the court now considers Principal Life's motion to dismiss counterclaims brought by defendant Lawrence Rucker 2007 Insurance Trust ("the Trust").

## II. BACKGROUND

On or about August 15, 2007, Lawrence Rucker established the Trust to purchase and maintain an insurance policy on his life.[1] On or about August 16, 2007, Lawrence Rucker, the Trust, and a licensed agent of Principal Life executed an application for a life insurance policy to be issued to the Trust ("the Application").[2] Principal Life subsequently issued and delivered Flexible Premium Universal Life Insurance Policy No. 6084669 ("the Policy") to the Trust on September 13, 2007.[3] The initial face amount of the Policy is $3.5 million.[4] The Trust has thus far paid all premiums due and performed all other conditions of the Policy.[5]

On August 5, 2008, Principal Life filed a complaint in this court against the Trust.[6] Principal Life twice amended its complaint, filing a second amended complaint on April 24, 2009.[7] Principal Life claims that the Policy was not procured for legitimate

---

[1] D.I. 57 at ¶ 57.
[2] D.I. 44, Ex. A.
[3] *Id.* at ¶ 62.
[4] *Id.*
[5] *Id.* at ¶ 63.
[6] D.I. 1.
[7] D.I. 44.

purposes.  Specifically, Principal Life alleges the Policy was part of a stranger originated

life insurance scheme initiated by parties with no insurable interest in Rucker's life,[8] and

that Rucker and/or others made material misrepresentations to Principal Life in the

Application concerning Rucker's income, his net worth, and his intent to transfer the

Rucker Policy into the secondary market.[9]  Principal Life seeks a judicial declaration that

the Policy is void or voidable *ab initio* on these grounds.

On June 4, 2009, the Trust filed its answer to Principal Life's second amended

complaint, in which it asserts two counterclaims.[10]  Count I seeks judicial declarations

that:  (1) the transaction was proper and enforceable under Delaware law, and that

Principal Life must honor the Policy; (2) an insurable interest existed at the inception of

the Policy under Delaware law; (3) Principal Life is bound by the conduct of its agent,

including any misrepresentations, in connection with the application or issuance of the

Policy; (4) any fraud or misrepresentations committed by Principal Life's agent are

properly imputed to Principal Life; and (5) Principal Life may properly be held liable for

damages caused by such fraud or misrepresentations.[11]  Count II asserts a claim for

breach of contract, alleging that Principal Life committed an anticipatory repudiation of

the Policy by bringing this action.[12]

On June 29, 2009, Principal Life moved to dismiss the Trust's counterclaims.[13]  It

argues the Trust's declaratory judgment claims are entirely derivative of its own

---

[8]  D.I. 44 at ¶ 35.
[9]  *Id.* at ¶ 39.
[10]  D.I. 57.
[11]  D.I. 57 at ¶¶ 82-85.
[12]  *Id.* at ¶ 92.
[13]  D.I. 67.

declaratory action, and as such are unnecessary and improper.  Principal Life further contends that the Trust's claim for breach of contract fails as a matter of law because invocation of the court's jurisdiction cannot be considered an anticipatory repudiation of its contractual obligations to the Trust.

## III.  DISCUSSION

### A.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) governs this motion to dismiss. The purpose of a motion to dismiss is to test the sufficiency of a complaint, or in this case, a counterclaim, and not to resolve disputed facts or decide the merits of the case.[14]  When considering a motion to dismiss, a court must accept as true all allegations and must draw all reasonable factual inferences in the light most favorable to the nonmoving party.[15]  The court, however, is not required to accept legal conclusions either alleged or inferred from the pleaded facts.[16]  The recent Supreme Court decision in *Bell Atlantic v. Twombly*,[17] superceded the "no set of facts" framework for assessing the sufficiency of a complaint set forth in *Conley v. Gibson*.[18]  To survive a motion to dismiss after *Twombly*, a plaintiff must show facts consistent with the allegations in his complaint.[19]

### B.  Declaratory Judgment Counterclaim

---

[14] *See Kost v. Kozakiewicz*, 1 F.3d 176,183 (3d Cir. 1993)
[15] *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255 (3d Cir. 1994).
[16] *Kost*, 1 F.3d at 183.
[17] 550 U.S. 544 (2007).
[18] 355 U.S. 41, 45-46 (1957); see *Twombly*, 550 U.S. at 561-63.
[19] *Id.* at 563.

4

The Declaratory Judgment Act creates a remedy by which federal courts "may declare the rights and other legal relations of any interested party seeking such declaration" when there is a "case of actual controversy."[20]  "It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."[21]  The conflict between the parties must be ripe for judicial intervention; it cannot be "nebulous or contingent," but "must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on the adversaries, and some useful purpose to be achieved in deciding them."[22]

A counterclaim for declaratory relief may be dismissed as redundant where "there is complete identity of factual and legal issues between the complaint and the counterclaim."[23]  Dismissal is justified in such cases on the theory that the counterclaim will become moot upon disposition of the complaint.[24]  Considering the difficulty in determining whether a declaratory judgment counterclaim is in fact redundant prior to trial, however, authorities suggest that a court should dismiss such counterclaims only

---

[20]  28 U.S.C. § 2201.

[21]  *Wyatt v. Gov't of the V.I.*, 385 F.3d 801, 806 (3d Cir. 2004) (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937)).

[22]  *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244 (1952)).

[23]  *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3d Cir. 1975) (citing 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1406 (1971)); *see also John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 190 (E.D. Pa. 1982) (stating that a counterclaim may be stricken as redundant if it "merely serves to restate the controversy set forth in the complaint") (quoting 5 JAMES WILLIAM MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 41.09) (cited approvingly by *F.D.I.C. v. Project Dev. Corp.*, 819 F.2d 289 (6th Cir. 1987) (unpublished opinion)).

[24]  *See Packel*, 524 F.2d at 51-52.

when there is no doubt that they will be rendered moot by adjudication of the main action.[25]

Turning to the facts of this case, to the extent the Trust seeks declarations concerning grounds for invalidation of the Policy not currently raised by Principal Life, its counterclaim fails for lack of actual controversy. The Trust cannot litigate a ground for invalidity that Principal Life has not asserted. Concern that Principal Life might attempt to litigate the Policy's validity in successive lawsuits is unfounded, as Principal Life is obligated to bring all claims it may have arising from the Application or issuance of the Policy in the current action.[26] Similarly, the Trust cannot obtain a decree as to future obligations of the Policy (such as payment of premiums) not yet due. Such a declaration would adjudicate purely hypothetical facts and would therefore be impermissibly advisory.

--------

[25] *See* 6 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1406 (2d ed. 1987) (citing *Leach v. Ross Heater & Mfg. Co.*, 104 F.2d 88, 91-92 (2d Cir. 1939) ("While it may turn out at trial that a decision on the merits of the plaintiff's bill will dispose of the controversy between the parties completely and render declaratory judgment unnecessary . . . we are of the opinion that it was error to strike out the counterclaim at so early a stage.")); *see also Jungersen v. Miller*, 125 F. Supp. 846, 847 (N.D. Ohio 1954) ("[T]he best and most sensible time to determine [whether the asserted counterclaim presents new issues] is at the time of trial. No possible harm can result from the delay."); *Iron Mountain Sec. Storage Corp. v. American Specialty Foods, Inc.*, 457 F. Supp. 1158, 1162 (E.D. Pa. 1978) (declining to dismiss counterclaim as superfluous in action concerning interpretation of contract because defendant had a right to seek judgment declaring that its interpretation of the contract was the correct one).

[26] *See Lubrizol v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir.1991) (Res judicata requires "that a plaintiff present in one suit all of the claims for relief that he may have arising out of the same transaction or occurrence."). In this regard, the operative question is not whether the issue was actually litigated, but whether it "could have been raised in the earlier proceeding." *Board of Trustees v. Centra*, 983 F.2d 495, 504 (3d Cir.1992); *Gregory v. Chehi*, 843 F.2d 111, 116 (3rd Cir.1988).

To the extent the Trust seeks a declaration that an insurable interest existed at the inception of the Policy, its counterclaim presents no unique issues of fact or law and should be dismissed as redundant.  Because Principal Life requests a declaration that the Policy lacked an insurable interest at its inception, a finding adverse to Principal Life on this issue would necessarily grant the relief the Trust desires, *i.e.*, a declaration that an insurable interest existed and that the Policy is not invalid on that ground.

The Trust seeks additional declarations that:  (1) Principal Life is bound by the conduct of its agent; (2) fraud or misrepresentations made by Principal Life's agent are properly imputable to Principal Life; and (3) Principal Life may properly be held liable for damages caused by such fraud or misrepresentations.  The court does not find these claims redundant for two reasons.  First, these three issues implicate new facts and principles of agency law that will not necessarily be raised in adjudicating Principal Life's claim that Rucker made material misrepresentations in the Application.  Second, a declaration adverse to Principal life in its action–*i.e.*, that Rucker made no material misrepresentations in applying for the Policy–would not conclusively answer whether Principal Life's agent made misrepresentations, whether those misrepresentations might be imputed to Principal Life, or whether Principal Life may be held liable for resultant damages.  Because the court cannot say with certainty that there is complete identity of factual or legal issues between the complaint and this portion of the counterclaim, and because these fixed and final questions are actually disputed by the parties, the Trust is entitled to have them answered.

## C.  Breach of Contract Counterclaim

7

To bring a claim for breach of contract, a plaintiff must allege:  (1) existence of a contract; (2) breach of that contract; and (3) damages resulting from the breach.[27]  The Trust does not assert that Principal Life has breached the terms of the Policy.[28]  Instead, it argues that Principal Life's lawsuit constitutes an anticipatory repudiation of the insurance contract between them.

The essential underpinning for a repudiation claim is an "unequivocal statement by a promisor that he will not perform his promise."[29]  The unequivocal statement must be "positive and unconditional."[30]  It must amount to "an outright refusal . . . to perform a contract or its conditions."[31]  Under Delaware law, an insurer commits an anticipatory breach when it wrongfully denies its coverage obligations.[32]  Furthermore, repudiation of an insurance contract "does not first require that the insured undergo a loss, file a claim with its insurer, and then be denied coverage."[33]

The Trust argues that Principal Life's allegations in this case serve as a "definitive statement [of] its belief that it has no obligations under the Rucker Policy."

---

[27] *See, e.g., VLIW Technology, LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003); *Knowles v. C.I.T. Corp.*, 346 So.2d 1042, 1043 (Fla. Dist. Ct. App. 1977).

[28] Indeed, it is undisputed that Lawrence Rucker remains alive and that no claim for insurance benefits on his life has been submitted.

[29] *Frontier Oil v. Holly Corp.*, 2005 WL 1039027, at *27 (Del. Ch. Apr. 29, 2005) (quoting *Carteret Bancorp, Inc. v. The Home Group, Inc.*, 1988 WL 3010, at *5 (Del.Ch. June 13, 1988) (citing FARNSWORTH ON CONTRACTS § 8.20, at 630 (1982))).

[30] *Carteret*, 1988 WL 3010, at *6 (citing WILLISTON ON CONTRACTS § 1322 (3d ed. 1968)); *see also Mori v. Matsushita Elec. Corp. of Am.*, 380 So. 2d 461, 463 (Fla. Dist. Ct. App. 1980) ("[A] repudiation may be evidenced by words or voluntary acts but the refusal must be distinct, unequivocal, and absolute.").

[31] *CitiSteel USA, Inc. v. Connell Ltd. P'ship*, 758 A.2d 928, 931 (Del. 2000).

[32] *See Tenneco Automotive, Inc. v. El Paso Corp.*, No. 18810-NC, 2007 WL 92621, at *4 (Del. Ch. Jan. 8, 2007) ("Committing to revoke coverage would alone, if wrongful, constitute anticipatory breach of the insurance contract.").

[33] *Id.*

8

The court disagrees, and joins a chorus of other jurisdictions in finding that such

statements made in the context of a declaratory judgment action are insufficient to

establish repudiation as a matter of law.[34]  Indeed, an action for declaratory judgment

does not indicate an unconditional refusal to comply with contractual obligations, but

rather an attempt to carry them out.  In effect, Principal Life is stating its belief that the

Policy is invalid under the relevant facts and law, but is asking the court to determine

whether that belief is sound.  It has taken no other action on this belief, and has

repeatedly represented that it would honor the Policy in the event of an unfavorable

ruling.[35]  The Trust thus fails to establish a breach of the Policy, and its counterclaim for

---

[34]  *See AXA Corporate Solutions v. Underwriters Reinsurance Co.*, No. 02 C 3016, 2004 WL 2534386, at *19-20 (N.D. Ill. Nov. 9, 2004) ("[T]he bringing of the action for declaratory judgment indicates . . . an antithesis of the definition of anticipatory breach.") (analyzing Texas law, repudiation under which requires words or conduct showing "a fixed intention to abandon, renounce and refuse to perform the contract"); *Principal Life Ins. Co. v. DeRose*, No. 1:08-CV-2294, 2009 WL 4061366 (M.D. Pa. Nov. 23, 2009) ("[T]he fact that Principal has followed lawful process by filing a complaint seeking declaratory relief in federal court is insufficient to state a claim for anticipatory repudiation.") (citing *Allstate Ins. Co. v. Kenney*, No. 02-2387, 2003 WL 22345683 (E.D. Pa. Oct. 8, 2003) (finding that insurance company's suit seeking declaration of the parties' legal rights and obligations was not an announcement that the insurer would refuse to perform under the policies)); *Principal Life Ins. Co. v. Minder*, No. 08-5899, 2009 WL 1917096, at *4 (E.D. Pa. July 1, 2009) (collecting cases in support of the proposition that "seeking a declaratory judgment concerning one's rights and obligations under a contract does not constitute a repudiation of that contract under Pennsylvania law."). Repudiation under Pennsylvania law requires an "absolute and unequivocal refusal to perform or a distinct and positive statement of an inability to do so." *2401 Pennsylvania Ave. Corp. v. Fed'n of Jewish Agencies of Greater Phila.*, 489 A.2d 733, 736 (Pa. 1985).  *See also* RESTATEMENT (SECOND) OF CONTRACTS § 250 cmt. d (1981) ("Generally, a party acts at his peril if, insisting on what he mistakenly believes to be his rights, he refuses to perform his duty.  His statement is a repudiation if the threatened breach would, without more, have given the injured party a claim for damages for total breach.  Modern procedural devices, *such as the declaratory judgment*, may be used to mitigate the harsh results that might otherwise result from this rule.") (emphasis added).

[35]  *See* D.I. 68 at 7; D.I. 70 at 6.

9

breach of contract should be dismissed.

The Trust's only support for its position on this issue is an analogy to *Tenneco Automotive, Inc. v. El Paso Corp.*[36]  *Tenneco* concerned a settlement agreement between the defendants extinguishing the plaintiffs' insurance coverage without the plaintiffs' knowledge or participation.  That case, however, is inapposite here because Principal Life has in no way wrongfully extinguished the policy; it has only committed determination of the Policy's validity to the sound discretion of the court.  Indeed, Principal Life has not even *requested* that the Policy be terminated, since, should Principal Life prevail, it will have earned confirmation that no valid contract existed in the first place.

## IV.  CONCLUSION

For the reasons stated above, Principal Life's motion to dismiss Count I of the Trust's counterclaims is GRANTED in part and DENIED in part.  Principal Life's motion to dismiss Count II of the Trust's counterclaims is GRANTED.

---

[36] No. 18810-NC, 2007 WL 92621 (Del. Ch. Jan. 8, 2007).