**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff/Counterclaim-Defendant, | ) | |
| | ) | C.A. No. 08-488-MPT |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| LAWRENCE RUCKER 2007 INSURANCE | ) | |
| TRUST, | ) | |
| | ) | |
| Defendant/Counterclaim-Plaintiff. | ) | |
| | ) | |
| | ) | |

## ORDER

The Court having held a telephone status conference with the parties on December 15, 2011, and the Court having heard and considered the arguments of the parties with respect to case scheduling in this action,

IT IS HEREBY ORDERED this _____ day of January, 2012, that:

1.      A jury trial is scheduled in this action, commencing on December 3, 2012 and, if necessary, lasting ten (10) business days, and concluding by December 14, 2012;

2.      After the conclusion of the Mediation with Judge Burke referenced in Paragraph 3 below, if either party believes that further limited discovery is needed in light of the decision of the Delaware Supreme Court in *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059 (Del. 2011), the party desiring additional discovery shall notify the other party as to the scope and timing of such discovery. After giving such notice, the parties shall attempt to reach an agreement as to the scope and timing of the additional discovery. If no such agreement is reached, that party seeking additional discovery shall contact chambers at (302) 573-6173 to schedule a telephone conference. The party seeking relief from the Court shall file

with the Court a letter, not to exceed three (3) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues at least five (5) business days before the conference. The party opposing the application for relief may file a letter, not to exceed three (3) pages, in no less than 12 point font, outlining that party's reason for its opposition at least two (2) business days before the conference. Should any document(s) be filed under seal, a copy of the sealed document(s) must be provided to the Court within one (1) hour of e-filing the document(s).

3.     The Court has referred this action for the purpose of Mediation to Magistrate Judge Christopher J. Burke (D.I. 196);

4.     Within fourteen (14) days after the date on which the Mediation with Judge Burke is held, and assuming that the parties do not reach at least a settlement in principle with a written settlement term sheet, the parties shall file any supplemental motion(s) for summary judgment that expand upon the parties previously filed motions for summary judgment filed by Plaintiff (D.I. 116) and Defendant (D.I. 118), taking into account the decision of the Delaware Supreme Court in *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059 (Del. 2011), and the Court's opinions of August 30, 2010 (D.I. 155) and November 1, 2010 (D.I. 167);

5.     Seven (7) days before the supplemental summary judgment motions described in paragraph 3, above, are due to be filed, counsel for Plaintiff and Defendant shall advise each other whether they intend to file a supplemental motion for summary judgment;

6.     In the event that only one party elects to file a supplemental summary judgment motion, the briefing schedule shall proceed as prescribed in Rule 7.1.3 of the Court's Local Rules with the date for filing the opening brief being as prescribed in paragraph 3, above;

7.      In the event that both Plaintiff and Defendant elect to file supplemental summary judgment motions, the parties shall file simultaneous opening briefs not to exceed thirty (30) pages on the date prescribed in paragraph 3, above, and shall file simultaneous answering/reply briefs, not to exceed twenty (20) pages, within seventeen (17) days of service of the opening briefs;

8.      The Court will determine in its discretion whether to hear oral argument after the conclusion of briefing; and,

9.      The parties shall file with the Court, no later than thirty (30) days after the conclusion of the Mediation, a joint proposed scheduling order addressing the schedule in this action between the conclusion of summary judgment briefing and the commencement of trial.


_____

Magistrate Judge Mary Pat Thygne


1041566/33357