IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | : : : | |
| Plaintiff, | : : | |
| v. | : : | C. A. No. 08-488-MPT |
| LAWRENCE RUCKER 2007 INSURANCE TRUST, | : : : | |
| Defendant. | : : | |

## **MEMORANDUM ORDER**

Defendant, Lawrence Rucker 2007 Insurance Trust ("Trust"), moves this court pursuant to Federal Rules of Civil Procedure ("FED. R. CIV. P.") 56(c)(2) to exclude certain evidence in relation to Plaintiff's, Principal life Insurance Company ("Principal"), motion for summary judgment.[1]

**I. Standard of Review**

Under FED. R. CIV. P. 56(c)(2), "a party may object that the material cited to support or dispute a fact cannot be presented in the form that would be admissible in evidence." "The objection functions [similar to] an objection at trial."[2] The burden is on the moving party, by a preponderance of the evidence, to show why the court should

---

[1] D.I. 116.
[2] Advisory Committee Notes 2010 Amendments.

grant the motion. "If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial."[3]

With respect to affidavits or declarations,

> Rule 56(c) requires that '[a]n affidavit [or declaration] . . . must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant [or declarant] . . . is competent to testify on the matters stated.' '[T]he Court must only strike the inadmissible portions of an affidavit, rather than the whole affidavit.' 'It is Defendants' obligation to specifically identify which statements in the affidavits should be struck.' It is improper for a court to consider hearsay evidence on a motion for summary judgment.[4]

**II. Discussion**

    A.  <u>Declaration of Neal Halder ("Halder")</u>

Trust objects to the declaration of Halder and exhibits attached thereto on the grounds they are irrelevant and prejudicial. Trust argues these documents relate "solely to Principal['s] . . . misrepresentation claim, and not the insurable interest claim . . . at issue . . . the Halder Declaration is irrelevant to the insurable interest claim and should not be considered."[5] Principal responds, it has only asked the court to consider exhibit T,[6] and not the entirety of Halder's declaration and exhibits. Furthermore, Principle asserts the answer to questions 6(a) and 6(b)[7] are relevant and reliable.

Lawrence Rucker's ("Rucker") life insurance application is relevant because it goes to the intent[8] of Rucker in procuring the life insurance policy. Furthermore, Rucker

---

[3] *Id.*
[4] *Smith v. Interim Healthcare of Cincinnati*, No. 10-cv-582, 2011 WL 6012971, at *4 (S.D. Ohio Dec. 2, 2011) (internal citations omitted).
[5] D.I. 225 at 3.
[6] D.I. 204 at Ex. T.
[7] *Id.* at Ex. T. at 3.
[8] *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust, ex rel Christiana Bank and Trust Co.*, 28 A.3d 1059 (Del. 2011).

is not prejudiced by the admittance of exhibit T, because the exhibit does not have an "undue tendency to suggest [a] decision on an improper basis. . ."[9] Therefore, exhibit T is admissible.

With respect to the remainder of Halder's declaration and the attached exhibits, Principal has, in effect, agreed with Trust[10] that these documents are not admissible. Therefore, the rest of Halder's declaration and other exhibits will not be considered for the purposes of summary judgment.

B. Deposition Testimony of Rucker

Trust objects to several parts of Rucker's deposition testimony.[11] Each part will be discussed below.

1. Deposition at 61:6-61:21

Trust maintains this portion of Rucker's deposition is inadmissible citing a roster of the Federal Rules of Evidence.[12] Principal counters the testimony is not being offered for the truth of the matter asserted, but to show Rucker did not pay, nor intended to pay, the premiums of the life insurance policy.

The testimony is relevant to the issue of whether an "insured procures a life insurance policy to immediately transfer the benefit to an individual or entity lacking an insurable interest;"[13] whether the policy was procured as a mere cover for a wager;[14]

---

[9] Federal Rules of Evidence ("FED. R. EVID.") 403, *Advisory Committee Notes* 1972.
[10] In so finding, the court notes Principal's comment that it "did not rely upon them in its opening supplemental brief, nor did it ask the court to consider them." D.I. 238 at 7.
[11] Trust's objections are directed to 61:6-61:21; 67-72; 83-88; and 145-146. D.I. 117.
[12] Specifically, Trust cites FED. R. EVID. 403, 602, 801, 802, and 901.
[13] *Price Dawe*, 28 A.3d at 1068.
[14] *Id.* at 1072.

whether a "third party use[d] the insured as an instrumentality to procure the policy;"[15] and whether Rucker did not pay, nor intended to pay, the premiums.

For the aforementioned reasons, this testimony is admissible.

### 2. Deposition at 66-72

Trust moves to exclude this testimony because Rucker is a "lay witness . . . cannot be expected to opine on the terms of the Trust Agreements."[16]  Principal counters Trust "cannot argue that Mr. Rucker established the trust while it seeks to exclude testimony from Mr. Rucker that he did not establish it,"[17] because Trust "contends that Mr. Rucker – and no one else – established the trust."[18]

As evident in his deposition, Rucker was not questioned, nor did he provide expert opinion on, the terms of trust documents.  The inquiries were directed to the events relating to their creation and his knowledge of these documents.  Accordingly, FED. R. EVID. 701 does not apply.  Furthermore, FED. R. EVID. 602 is equally inapplicable because Rucker was asked whether he had knowledge of certain events; he was not asked to speculate about matters of which he had no knowledge.  Therefore, this testimony is admissible.

### 3.   Deposition at 83-88 and 145-146

Trust objects based on relevancy and undue prejudice, reasoning since the court previously denied Principal's motion for summary judgment on Count II, the

---

[15] *Id.* at 1074.
[16] D.I. 225 at 5.
[17] D.I. 238 at 4.
[18] *Id.*

testimony is irrelevant to the current motion.  Principal responds Rucker's testimony is relevant to the insurable interest analysis under *Price Dawe*.[19]

As the Supreme Court of Delaware stated in *Price Dawe*, "fraud in the inducement renders a life insurance policy voidable at the election of the innocent party."[20] Misrepresentations on a life insurance policy which may constitute fraud or were possibly made to wager on human life are relevant to the insurable interest analysis.  Therefore, pages 83-88 are admitted.  Because pages 145-146 are also directed to the insurable interest analysis under *Price Dawe,* they are relevant and admissible.

### C. Jason P. Gosselin Affidavit ("Gosselin"): Exhibits E, F, and N-R

Trust moves to strike exhibits E, F, and N-R[21] to Gosselin's affidavit as irrelevant and prejudicial under FED. R. EVID. 401 through 403.  Principal points out it "did not rely upon Exhibits E, F, or N-R in its opening supplemental brief, nor did it ask the court to consider them."[22]  Since Principal does not rely on, nor offer these exhibits in evidence, they are struck for the purpose of the summary judgment motion, and will not be considered.

### D. Deposition of Frank Sarropochiello ("Sarropochiello")

Trust maintains the statement, "[t]he trust agreement for the Insurance Trust . . . was generated by an entity known as Park Venture, and it was done *for the benefit of GIII*,"[23] is misleading and an incomplete comment from Sarropochiello's testimony.  Trust

---

[19] 28 A.3d 1059 (Del. 2011).
[20] *Id.* at 1067 (citations omitted).
[21] D.I. 117 Ex. E, Ex. F, and Ex. N-R.
[22] D.I. 238 at 8. .
[23] D.I. 201 at 11 (emphasis added).

specifically emphasizes "for the benefit of GIII," as misleading and lacking a proper foundation. Trust requests the court to either disregard this portion of Sarropochiello's testimony or consider Sarropochiello's complete testimony.[24]

Principal counters the statement is argument, not a representation of fact, and requests the court find Sarropochiello's testimony relevant and admissible.[25]

The court construes this language in Principal's supplemental opening brief as argument, and not testimony of Sarropochiello. Alternatively, Principal has clarified the application and import of the statement. Therefore, the complete testimony of Sarropochiello is admitted.

## **Order**

Consistent with the reasoning herein, it is ORDERED and ADJUDGED, that defendant's motion to strike (D.I. 225) is GRANTED in part, and DENIED, in part.

Date: June 26, 2012 /s/ Mary Pat Thynge
United States Magistrate Judge

---

[24] D.I. 245 at 10.
[25] D.I. 238 at 7.