## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| Principal Life Insurance Company,<br><br>        Plaintiff,<br><br>v.<br><br>Lawrence Rucker 2007 Insurance Trust,<br><br>        Defendant. | No. 08-488-GMS-MPT |

**PLAINTIFF PRINCIPAL LIFE INSURANCE
COMPANY'S RESPONSE IN OPPOSITION TO DEFENDANT LAWRENCE
RUCKER 2007 INSURANCE TRUST'S MOTION FOR PRELIMINARY
<u>INJUNCTION PREVENTING CANCELLATION OF THE RUCKER POLICY</u>**

Dated: October 22, 2012

Joseph C. Schoell (I.D. No. 3133)
**DRINKER BIDDLE & REATH LLP**
1100 North Market Street
Suite 1000
Wilmington, DE 19801
Telephone:   (302) 467-4200
Facsimile:   (302) 467-4201

*Of Counsel*
Jason P. Gosselin (*pro hac vice*)
Thomas Downie *(pro hac vice)*
**DRINKER BIDDLE & REATH LLP**
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996
(215) 988-2700

*Attorneys for Plaintiff Principal Life Insurance Company*

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................... ii

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 1

III. ARGUMENT ................................................................................................................ 3

    A. There is No Legal Basis to Support the Trust's Position. ..................................... 3

    B. Even if the Trust's Legal Position Had Merit, it Has Not Established a Basis for the Extreme Remedy it Seeks. ............................................................... 5

        1. The Trust has not established irreparable harm. ....................................... 6

        2. The Trust has not established success on the merits. ................................ 6

        3. The Trust has not established a balance of the equities in its favor. .......... 7

IV. CONCLUSION ............................................................................................................. 8

# Table of Authorities

## Cases

*Aquila, Inc. v. Quanta Servs.*,
　805 A.2d 196 (Del. Ch. 2002) ................................................................................................ 6

*Cantor Fitzgerald, L.P. v. Cantor*,
　724 A.2d 571, 579 (Del. Ch. 1998) ........................................................................................ 6

*Frank W. Diver, Inc. v. GMC*,
　718 A.2d 527 (Del. 1998) .................................................................................................... 5-6

*Otto v. Gore*,
　45 A.3d 120 (Del. 2012) ......................................................................................................... 5

*PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*,
　28 A.3d 1059 (Del. 2011) ....................................................................................................... 2

*Principal Life Ins. Co. v. DeRose*,
　2012 U.S. Dist. LEXIS 35711 (M.D. Pa. Mar. 16, 2012) ....................................................... 4

*Principal Life Ins. Co. v. Minder*,
　2009 U.S. Dist. LEXIS 56568, *11 (E.D. Pa. July 1, 2009) ................................................... 4

*Step-Saver Data Systems, Inc. v. Wyse Technology*,
　912 F.2d 643 (3d Cir. 1990) ................................................................................................ 3-4

*Travelers Ins. Co. v. Davis*,
　490 F.2d 536 (3d Cir. 1974) ................................................................................................... 3

**I.     INTRODUCTION**

In filing this declaratory judgment action, Principal Life Insurance Company has invoked the jurisdiction of this Court to declare its rights and obligations with respect to a policy issued on the life of Lawrence Rucker. Principal recognizes that the policy remains in force unless and until declared otherwise, and both the parties have acted consistent with that understanding, which includes the payment and acceptance of premium payments when received. However, despite its position in this litigation that the policy is valid and in force, the defendant, the Lawrence Rucker 2007 Insurance Trust, now asks the Court to disregard the terms of the policy and relieve the Trust of its obligation to pay premiums. The Trust does not rely on any authority in making this request, because no such authority exists. The Trust's motion should be denied not only because there is no substantive basis for its position, but also because the Trust has not met its burden for obtaining the drastic relief of a preliminary injunction.

**II.    BACKGROUND**

Principal has maintained throughout this declaratory judgment action that the policy should be treated as valid unless and until the Court declared otherwise. As such, Principal continued to assess all monthly charges set forth in the policy, and the Trust initially made premium payments sufficient to prevent the policy from lapsing.[1]

---

[1] This Court has already recognized that the mere filing of a declaratory judgment does not alter the status of the policy. In dismissing the Trust's counterclaim, the Court noted that "an action for declaratory judgment does not indicate an unconditional refusal to comply with contractual obligations, but rather an attempt to carry them out. In effect, Principal [] is stating [in the complaint] its belief that the Policy is invalid under the relevant facts and law, but is asking the court to determine whether that belief is sound. It has taken no other action on this belief, and has repeatedly represented that it would honor the Policy in the event of an unfavorable ruling." *See* 12/11/09 Order, Dkt. No. 94, p. 9. Indeed, the Court recognized this again, when the Trust argued that Principal's acceptance of premium after the commencement of this action constituted a waiver of its right to challenge the policy. The Court stated that, "[r]ather than unilaterally

On August 30, 2010, this Court declared the policy void *ab initio*. Accordingly, Principal treated the policy as void and no longer continued to accept premium payments. In fact, on September 21, 2010, Principal returned a premium payment that Principal had received just prior to the summary judgment decision that had not been applied as of August 30, 2010. *See* Dkt. No. 264-1, p. 4. The Trust did not ask for a refund of this premium. Instead, Principal returned the payment because it was consistent with its position throughout the litigation that the policy should be treated as valid until declared otherwise. Having obtained the sought-after declaration, Principal no longer expected to receive and did not accept premium payments.

Several months later, the Trust's attorney asked for a written acknowledgement that Principal did not expect the Trust to continue paying premium. On February 22, 2011, Principal obliged, acknowledging that no premium payments were due in light of the August 30, 2010 summary judgment in favor of Principal. *See* Dkt. No. 264-1, p. 6. Although the Trust now characterizes that acknowledgment as an agreement, it was nothing of the sort. It was merely a written statement confirming the position Principal had asserted from the beginning of the litigation. Principal did not ask for any consideration for this acknowledgement and, in fact, received no consideration.

After the Delaware Supreme Court issued its decision in *PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059 (Del. 2011), the parties submitted supplemental briefing to allow the Court to reconsider its summary judgment decision. On June 26, 2012, the Court

---

rescind, Principal has provided notice to [the] Trust that it believes the contract to be void and has maintained the status quo vis-à-vis the Policy for the duration of this case." *See* 8/30/10 Order, Dkt. No. 155, p. 7. The Court also stated that "declaratory judgment is a proper means for determining the validity of insurance contracts and the rights and obligations of parties thereto…Principal has kept the Policy in force pending this [C]ourt's determination as to its validity." *See* 8/30/10 Order, Dkt. No. 155, pp. 6-7.

concluded that, under *Price Dawe*, factual issues precluded summary judgment for Principal on the issue of insurable interest. The June 26, 2012 decision thus reversed the August 30, 2010 summary judgment declaring the policy void *ab initio*. In light of the June 26, 2012 decision, the policy cannot properly be treated as void. Therefore, on July 20, 2012, Principal advised the Trust that premium would be due in order to keep the policy in force and to prevent a lapse. *See* Dkt. No. 264-1, p. 8.

The Trust refused to remit payment to keep the policy in force and instead chose to file the pending motion for preliminary injunction. There is no legal basis for the Court to interfere with the operation of the policy, which, by its terms, spells out the method by which monthly charges will be deducted and the insured's obligation to make sufficient premium payments to keep the policy in force. Indeed, the Trust has cited no authority to support its position, much less offered a basis for the drastic remedy of an injunction.

## III. ARGUMENT

### A. There is No Legal Basis to Support the Trust's Position.

While the Trust evidently would prefer not to pay premium for the time being, there is no support for its legal position. Indeed, the available authority supports Principal's position. As this Court has already noted, an action for declaratory judgment involving a contract does not alter the character of that contract but merely seeks a declaration as to the rights and responsibilities of the parties to the contract.

The Third Circuit has recognized that an action for a declaratory judgment "is to clarify the legal relationships *before* they have been disturbed or a party's rights violated." *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 543 (3d Cir. 1974) (emphasis added); *see also Step-Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643, 649 (3d Cir. 1990) (purpose of Declaratory Judgment Act is to "clarify legal relationships so that plaintiffs (and possibly

defendants) could make responsible decisions about the future"); *Principal Life Ins. Co. v. DeRose*, 2012 U.S. Dist. LEXIS 35711 (M.D. Pa. Mar. 16, 2012) (declaratory judgment action is a means to clarify legal relationships so parties can make decisions and settle legal rights without awaiting a violation); *Principal Life Ins. Co. v. Minder*, 2009 U.S. Dist. LEXIS 56568, *11 (E.D. Pa. July 1, 2009) (while declaratory judgment action is pending, the obligation to pay premium "cannot be excused").

In *Principal Life v. DeRose*, a federal court in Pennsylvania addressed the issue presented here directly. In that case, Principal had filed a declaratory judgment action seeking a declaration that three policies of life insurance were void *ab initio*. The owner of the policies or the collateral assignee, which was an intervenor, paid premium throughout the pendency of the litigation, but several months before the scheduled trial, the collateral assignee filed a motion to stay its obligation to continue paying premium pending the outcome of the litigation. The court denied the motion, stating:

> [A]n order to stay premiums on insurance premiums would run counter to the intended purpose of an action for declaratory judgment. *Until a final judgment is rendered, the contractual rights and obligations of both parties remain in full force and effect.*

*DeRose*, 2012 U.S. Dist. LEXIS 35711 at *7 (emphasis added).

The Trust is seeking relief from its contractual obligation under the policy without any legal basis and without even having asserted a cognizable legal claim. The Trust has cited no law to support its position that it should be relieved of its obligation to pay premium. Instead, it merely claims that the "parties have been operating under an agreement that the Rucker Trust would not make any additional premium payments" following the August 30, 2010 summary judgment decision. But, there is no such agreement. At the request of counsel for the Trust, Principal acknowledged in writing that it did not expect further premium payments in light of the

summary judgment decision in favor of Principal. Why such an acknowledgement was needed is unclear in light of Principal's voluntary return of a premium payment that had not been applied as of the date of the summary judgment decision. Regardless, the February 22, 2011 letter was not an "agreement." Even if it were intended as an agreement, it would be void for lack of consideration. *See Otto v. Gore*, 45 A.3d 120 (Del. 2012) (an enforceable contract requires "(1) the intent of the parties to be bound, (2) sufficiently definite terms, and (3) consideration").

The Trust also notes that the parties are now two months from trial, but this issue is only before the Court because the Trust refused to make premium payments when it received its notice three months ago. In any event, proximity to trial is beside the point, because a final determination will likely await the outcome of all appeals. If the Trust is permitted to defer making any premium payments until the conclusion of the lawsuit, the Trust will be able to exploit the delay for its own benefit and to Principal's detriment.[2]

The Trust's desire to refrain from making further premium payments is evident, but the Trust must present a legal justification before this Court can issue relief. The Trust has not done so, and its motion should be denied.

### B.  Even if the Trust's Legal Position Had Merit, it Has Not Established a Basis for the Extreme Remedy it Seeks.

Moreover, even if there were some legal justification for the Trust's position, a preliminary injunction is wholly inappropriate. Preliminary injunctive relief will only be granted where the moving party establishes "(1) a reasonable probability of success on the merits; (2)

---

[2] Secondary market investors track the health of insureds. If Mr. Rucker remains healthy at the conclusion of the litigation and appears likely at that time to exceed the average life expectancy of males his age, the Trust may opt to allow the policy to lapse. Such a lapse will be to the Trust's advantage because it will have avoided several years' worth of premiums. On the other hand, if Mr. Rucker's health is compromised and it appears his life expectancy is less than average males of his age, the Trust will certainly keep the policy in force.

irreparable harm; and (3) a balance of equities in its favor." *Frank W. Diver, Inc. v. GMC*, 718 A.2d 527 (Del. 1998); *Aquila, Inc. v. Quanta Servs.*, 805 A.2d 196, 202 (Del. Ch. 2002). A preliminary injunction is an "extraordinary remedy" and "'is granted sparingly and only upon a persuasive showing that it is urgently necessary, that it will result in comparatively less harm to the adverse party, and that, in the end, it is unlikely to be shown to have been issued improvidently.'" *Cantor Fitzgerald, L.P. v. Cantor*, 724 A.2d 571, 579 (Del. Ch. 1998). The Trust has not met this significant burden.

1. **The Trust has not established irreparable harm.**

Here, the Trust has not established it would be irreparably harmed. While the Trust discusses the "irreparable harm" element, it fails to identify how it would be harmed by having to pay premium. Indeed, it argues that if the policy were to lapse, this action would be rendered moot, the Court would be deprived of the ability to render a decision on the merits, and the Trust would be deprived of its day in court. The solution is simple: the Trust can pay the premium, as it did from August 2008 when the case was filed until August 2010 when the Court entered summary judgment declaring the policy void. Further, paying premium on a policy that the Trust believes is valid does not constitute "*harm*." Even if it were, the payment of money is hardly irreparable. If the policy is declared void, the Trust will have an opportunity to address its right, if any, to recover premium payments.

2. **The Trust has not established success on the merits**.

The Trust purports to meet the "success on the merits" prong for a preliminary injunction by asserting that it will succeed at trial in establishing the validity of the policy.[3] In making this

---

[3] The Trust also asserts that it will establish that Principal has breached a premium non-waiver agreement. The parties attempted to reach an agreement with respect to certain premium

argument, the Trust undermines any claim for injunctive relief. If the Trust prevails, the policy will not be declared void, and the Trust will need to make sufficient premium payments in order to prevent a lapse. Indeed, if the Trust's position that the policy is valid has such merit, it should be eager to comply with its obligations, and it should pay the premium necessary to keep the policy in force.

### 3. The Trust has not established a balance of the equities in its favor.

The Trust argues that Principal will not be harmed by an injunction, but that is not true. As set forth above, if the Trust is relieved from its obligation to pay premium, it will be able to use a years-long delay and superior knowledge to its own advantage and to Principal's detriment. Mr. Rucker is 83 years old. Allowing the Trust to decide a year or even two years from now, after the litigation concludes, whether it really wants the policy (presuming the Trust ultimately prevails in the litigation) is an extraordinary advantage. If Mr. Rucker dies during this period or becomes terminally ill, the Trust will most certainly pay the premium and retain the policy in order to collect a death benefit. If Mr. Rucker remains healthy and appears likely to exceed the life expectancy of men his age, the Trust may well conclude that the policy is not worth the amount of back premium, and it will simply allow the policy to lapse. The investors here not only wish to wager on Mr. Rucker's life, but they now seek to place their bet after they know the outcome.

---

payments, but there is a dispute as to whether such an agreement exists and, if so, its scope. Regardless, that dispute has not yet ripened to an action at law and is not before this Court.

## IV.  CONCLUSION

For each of the foregoing reasons, this Court should deny the Trust's motion for a preliminary injunction against Principal.

Dated:  October 22, 2012

/s/ Joseph C. Schoell_____
Joseph C. Schoell (I.D. No. 3133)
**DRINKER BIDDLE & REATH LLP**
1100 North Market Street
Suite 1000
Wilmington, DE 19801
Telephone:   (302) 467-4200
Facsimile:    (302) 467-4201

*Of Counsel*
Jason P. Gosselin (*pro hac vice*)
Thomas Downie *(pro hac vice)*
**DRINKER BIDDLE & REATH LLP**
One Logan Square
Suite 2000
Philadelphia, PA 19103-6996
(215) 988-2700

*Attorneys for Plaintiff Principal Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of October 2012, I caused a true and correct copy of **Plaintiff Principal Life Insurance Company's Response in Opposition to Defendant Lawrence Rucker 2007 Insurance Trust's Motion for Preliminary Injunction Preventing Cancellation of the Rucker Policy** to be filed with the CM/ECF system, which sent notice of such filing to:

> John James
> Potter Anderson & Corroon LLP
> Hercules Plaza
> 1313 North Market Street
> P. O. Box 951
> Wilmington, DE 19899
> 302-984-6018 Telephone
> 302-658-5607 Facsimile
> jjames@potteranderson.com
>
> *Attorney for Defendant*

/s/ Jospeh C. Schoell
Joseph C. Schoell (I.D. No. 3133)